## BRESLIN v. QUINN.

*(Supreme Court, Special Term, New York County.  September 4, 1888.)*

OFFICE AND OFFICER—ACTION TO DETERMINE TITLE—INJUNCTION.

Where the title to an office is involved, equity will not restrain the incumbent from exercising the duties of such office.

At chambers. On motion of plaintiff, Breslin, for an injunction *pendente lite* to restrain the defendant, Quinn, from exercising the duties of the office of master workman of district assembly No. 49 of the order of Knights of Labor of America.

*Adolph L. Sanger* and *Henry W. Unger,* for plaintiff.    *Roger A. Pryor,* for defendant.

O'BRIEN, J. A temporary injunction will not be granted where the equities of the complaint are denied, and where, upon the law and facts, there is serious doubt as to plaintiff's ultimate success in the action. The judgment prayed for is injunctive relief to restrain defendant from exercising the office of master workman, and compelling him by mandatory injunction to deliver over property belonging to the association which came into his hands after his election, and which it is claimed he should be compelled to surrender after being removed. The defendant claims title to the office of master workman, and questions the validity of the proceedings leading up to his removal. The plaintiff seeks the injunction upon the ground that defendant has no title to the office. It is evident, therefore, that the determination of the controverted title to the office is involved directly or indirectly in the question of the right to the injunction. No authority is cited by plaintiff, and, to say the least, it is doubtful if a court of equity has jurisdiction to try and determine title to office, either directly or indirectly, or incidentally to grant an injunction in aid and execution of such trial and determination. Although a *quo warranto* is the usual remedy to try title to office, it may be true that such a remedy is not available to try the title to office in a voluntary unincorporated association, such a proceeding being seemingly limited to cases enumerated in section 1948 of the Code. However deficient the law may be, upon the hypothesis that defendant was rightly removed, and that the decision of the association tribunal is final and conclusive here, still it is conceded by the complaint that defendant is in possession, exercising the functions and powers of the office, and it is doubtful if equity can, even though defendant be in the wrong, enjoin him from the exercise of such functions. A similar doubt exists in my mind as to whether a court of equity can grant the other relief asked for, namely, a mandatory injunction compelling defendant to deliver certain books and personal property. It may be that upon the trial, when all the facts are presented more fully than can be done on affidavits, and upon a showing that the law is deficient in supplying a remedy, that some equitable principle or precedent can be invoked to warrant the interference of a court of equity. But upon the facts presented by the affidavits upon the law and authorities, I am of opinion that a preliminary injunction should not be granted. The motion is therefore denied, with costs to abide the event.